# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:19-cr-00081-IM |
| v. | **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE** |
| **MARK WILLIAM OSBURN**, | |
| Defendant. | |

Natalie K. Wight, United States Attorney, and Gary Y. Sussman, Assistant United States Attorney, US Attorney's Office, 1000 S.W. 3rd Ave., Suite 600, Portland, OR 97204. Attorneys for the Government.

Mark William Osburn, USM #81330-065, FCI Sheridan, 27072 Ballston Rd., Sheridan, OR 97378. Pro se.

**IMMERGUT, District Judge.**

Before this Court is Defendant Mark William Osburn's Motion to Reduce His Sentence ("Mot.") under 18 U.S.C. § 3582(c)(1)(A)(i), ECF 50. Defendant argues that the COVID-19-related conditions at Federal Correctional Institution Sheridan ("FCI Sheridan") constitute "extraordinary and compelling circumstances" warranting a reduction in his sentence. The Government opposes the Motion. *See* United States' Response to Motion to Reduce ("U.S.

PAGE 1 – OPINION AND ORDER

Resp."), ECF 51. It argues that Defendant's motion does not provide individualized reasons for a reduction. *Id.* at 6–7.  It also argues that a sentence reduction would be inconsistent with the sentencing factors under 18 U.S.C. § 3553(a). *Id.* at 8–11. This Court agrees with the Government and therefore DENIES Defendant's Motion to Reduce His Sentence.

## BACKGROUND

On March 5, 2019, Defendant was indicted on two counts of possession with the intent to distribute methamphetamine, two counts of felon in possession of a firearm, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count each of possession of fentanyl, possession of heroin, and possession of cocaine. Redacted Indictment, ECF 3. Seven months later, on October 9, 2019, the grand jury returned a superseding indictment with the same eight counts, with Count 1 now including the allegation that Defendant possessed with intent to distribute more than 50 grams of actual methamphetamine. Redacted Superseding Indictment, ECF 20. On February 8, 2020, Defendant pleaded guilty to Counts 1, 3, and 4 of the superseding indictment—that is, possession with the intent to distribute more than 50 grams of actual methamphetamine and two counts of felon in possession of a firearm. United States' Sentencing Memorandum, ECF 42 at 3–4. On September 14, 2020, this Court sentenced Defendant to 180 months' imprisonment on Count 1 and concurrent 120-month sentences on Counts 3 and 4, followed by a five-year term of supervised release. Amended Judgment, ECF 47.

After serving 36 months of his sentence at FCI Sheridan, Defendant filed his Motion for Compassionate Release on September 7, 2023. This Court now DENIES the Motion.

## DISCUSSION

This Court must construe Defendant's pro se motion liberally. *See United States v. Qazi*, 975 F.3d 989, 992–93 (9th Cir. 2020). To receive compassionate release, Defendant must show (1) that he has fully exhausted all administrative remedies, (2) that extraordinary and compelling

circumstances warrant a sentence reduction, and (3) that his release is consistent with the sentencing factors under 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). For the purposes of this Motion, the Government presumes that Defendant has exhausted administrative remedies. U.S. Resp., ECF 51 at 4–5. Nonetheless, because Defendant is unable to meet his burden under both the second and third prongs, this Court DENIES Defendant's Motion for Compassionate Release. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step.").

## A.  Extraordinary and Compelling Circumstances

The thrust of Defendant's Motion is that "the conditions of [the defendant's] confinement during the covid-19 [sic] pandemic have resulted in a sentence that was more severe than the Court could have contemplated when it originally sentenced him." Mot., ECF 50 at 1. Defendant's allegations do not constitute extraordinary and compelling circumstances that warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1).

 For a motion for sentence reduction to satisfy this high bar, defendants generally must present information about their individual health, age-related deterioration, family circumstances, rehabilitation, or potential danger to the community. *Cf.* U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1, n.3, n.4 (U.S. Sent'g Comm'n 2021); *see United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (explaining that § 1B1.13 "may inform a district court's discretion," but is "not binding." (citation omitted)). To that end, generalized issues with a sentence—that is, complaints any inmate could have about prison conditions—do not rise to the level of extraordinary and compelling circumstances. *See United States v. Navarrette-Aguilar*, No. 3:12-cr-00373-HZ-1, 2022 U.S. Dist. LEXIS 123853, at *2–3 (D. Or. July 8, 2022). In particular, motions criticizing prison conditions during the COVID-19 pandemic are not specific and

individualized enough to satisfy the extraordinary and compelling circumstances test. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread,"); *see also*, *e.g.*, *United States v. Nawaz*, No. 16 Cr. 431 (AT), 2021 WL 664128, at *2 (S.D.N.Y. Feb. 19, 2021); *United States v. Lischewski*, No. 18-cr-00203-EMC-1, 2020 WL 6562311, at *2 (N.D. Cal. Nov. 9, 2020).

Defendant has presented no information specific to his own circumstances. Any inmate at FCI Sheridan could say what Defendant has said about the conditions there—indeed, many have through copied-and-pasted templates, *see* U.S. Resp., ECF 51 at 5 n.2. "Every prisoner in the facility and other BOP facilities is subject to . . . similar conditions brought about by the COVID-19 pandemic; [Defendant] has not explained why he should be given special or unique treatment." *Lieschewski*, 2020 WL 6562311, at *2. Accordingly, this Court holds that Defendant has not presented extraordinary and compelling circumstances.

## B.  The Sentencing Factors

Defendant argues that there are "circumstances unforeseen by" this Court that merit a reduction in his sentence under the sentencing factors. Mot., ECF 50 at 2. This Court disagrees. When it sentenced Defendant, this Court took full account of Defendant's Presentence Investigation Report (ECF 38), Defendant's Sentencing Memorandum (ECF 40), the Government's Sentencing Memorandum (ECF 42), the sentencing guidelines, and pandemic-related conditions. Moreover, contrary to Defendant's statement that he has undergone "extraordinary rehabilitation," Mot., ECF 50 at 1, Defendant was sanctioned in June 2022 for fighting with another inmate, *see* Inmate Disciplinary Data, ECF 51, Ex. 2. Accordingly, any change to Defendant's sentence would be inconsistent with the sentencing guidelines.

## CONCLUSION

Defendant has not presented any individualized reasons to reduce his sentence. And Defendant has not presented any new information to this Court relevant to the sentencing guidelines. Accordingly, this Court DENIES the Motion to Reduce, ECF 50.

**IT IS SO ORDERED.**

DATED this 28th day of September, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge